UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMIN SALAMEH,

          Petitioner,

                                CIVIL CASE NO. 05-40258

v.

ALBERTO GONZALES et al.,        HONORABLE PAUL V. GADOLA
                                           U.S. DISTRICT JUDGE

          Respondents.
_____/

**ORDER FOR DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is a "Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief," filed on August 15, 2005, pursuant to 28 U.S.C. § 2241. Petitioner also requests a temporary restraining order while his petition is under review. Because the Court has determined that the petition should be denied, the Court declines to issue a temporary restraining order.

Petitioner's sole argument is that his detention is unconstitutional because it has exceeded six months. Petitioner has been in custody since February 3, 2005, and will remain in custody until his scheduled departure on August 29, 2005.

In <u>Zadvydas v. Davis</u>, the Supreme Court found that an alien's detention for an indefinite duration is unlawful, as detention should be limited to "a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. 678, 689 (2001). The Court recognized that a six-month period is a

presumptively reasonable time to hold an alien for preparation for his removal.  After this period, an alien may show that the detention is unreasonable if there is "no significant likelihood of removal in the reasonably foreseeable future." Id. at 701.  "This 6-month presumption, of course, does not mean that every alien not removed must be released after six months." Id.  An alien may be held for a longer period if the alien's removal is likely to occur in the reasonably foreseeable future.  Id.

In the instant case, it is very likely that Petitioner will be removed in the reasonably foreseeable future, because Petitioner is scheduled to depart on a flight to Lebanon on August 29, 2005.  See Response, Ex. M.  Therefore, it is not true there is "no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701.  Petitioner's detention will thus have exceeded six months by less than four weeks.  Accordingly, Petitioner's continued detention until his removal on August 29, 2005 is not unreasonable, and not unconstitutional.

**IT IS HEREBY ORDERED** that Petitioner's "Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief" [docket entry 1] is **DENIED WITH PREJUDICE**.


Dated:    August 26, 2005              s/Paul V. Gadola
                                       HONORABLE PAUL V. GADOLA
                                       UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   August 26, 2005   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                              Derri T. Thomas                              , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:              Nabih H. Ayad                         .

                           s/Ruth A. Brissaud
                           Ruth A. Brissaud, Case Manager
                           (810) 341-7845